9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Thomas Jefferson LYNN, a/k/a Jeff Lynn, Defendant-Appellant.
 No. 93-5339.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 29, 1993.
Decided: November 9, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. J. Calvitt Clarke, Jr., Senior District Judge. (CR-92-17-NN)
 Thomas Jefferson Lynn, Appellant Pro Se.
 Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before LUTTIG and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Jefferson Lynn was sentenced to twenty-nine months imprisonment on his guilty plea to bank fraud, 18 U.S.C.A. § 1344 (West Supp. 1993). He appealed his sentence, claiming error in the district court's determination of the amount of loss, failure to comply with the appending requirement of Fed. R. Crim. P. 32, and failure to make findings concerning his ability to pay the $10,000 fine imposed. We affirmed the sentence, but vacated the judgment and remanded for compliance with Rule 32 and for findings on Lynn's ability to pay the fine. United States v. Lynn, No. 92-5467 (4th Cir. Jan. 25, 1993) (unpublished).
 
 
 2
 On remand, the district court deleted the fine. Lynn then moved to reopen the issue of acceptance of responsibility, arguing that he qualified for a three-level reduction under the amended guideline which took effect in November 1992. United States Sentencing Commission, Guidelines Manual, § 3E1.1(b) (Nov. 1992). He had received a two-level adjustment at his initial sentencing. The district court decided that acceptance of responsibility was outside the scope of the remand, and noted that the amendment did not apply retroactively. The court reimposed the previous sentence, except for the fine, by amending the original judgment and commitment order.
 
 
 3
 In his pro se appeal from the resentencing, Lynn contends that this Court's vacation of the judgment reopened all issues except the amount of loss, and that the district court should have resentenced him by applying the guidelines in effect on the date of resentencing. See United States v. Fagan, 996 F.2d 1009, 1018 (9th Cir. 1993) (guidelines in effect on date of resentencing after remand should be applied). He also alleges that the district court erred in amending the prior judgment rather than imposing sentence anew. We affirm the sentence imposed, for the reasons given below.
 
 
 4
 The prior opinion in this case found no error in the sentence computation, but vacated and remanded "to allow the district court to comply with the appending requirement of Fed. R. Crim. P. 32 and to make findings concerning the factors it was required to consider when imposing the fine." Lynn, No. 92-5467, slip op. at 2. The opinion thus limited the issues which the district court was expected to consider on remand. When an appeals court vacates a judgment with narrowing instructions which direct the district court to consider certain issues, the district court does not have a mandate to reconsider other issues except in extraordinary circumstances. United States v. Bell, F.2d, No. 93-5158, slip op. at 5-7 (4th Cir. 1993); see also United States v. Uccio, 940 F.2d 753, 757-59 (2d Cir. 1991). Extraordinary circumstances may be a dramatic change in controlling legal authority, significant new evidence, or a blatant error in the prior decision resulting in a serious injustice. Bell, slip op. at 7; Uccio, 940 F.2d at 758.
 
 
 5
 Although the amendment to guideline section 3E1.1 constituted a change in the law, it did not, in this case, result in a sufficiently dramatic change in the law to bring it within the exception to the mandate rule. Lynn's attorney stated at the resentencing that an additional one-level reduction in offense level would lower Lynn's guideline range from 27-33 months to 24-30 months. Lynn's sentence was twenty-nine months. Even had it made the extra reduction, the district court could have imposed the same sentence as before.
 
 
 6
 Lynn maintains that the district court should have reimposed his sentence rather than amending the original judgment and commitment order. Because he was not entitled to reconsideration of the issue of acceptance of responsibility, any error in this regard is of little moment.
 
 
 7
 The judgment is therefore affirmed. Lynn's motion to expedite the determination of his appeal is now moot and is accordingly dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED